

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Esco Walter
District Attorney
104th Judicial District
Abilene, Texas

Dear Sir:

Opinion No. 0-7016
Re: Whether the payment of
dividends by a <u>foreign</u>
<u>corporation</u> legally doing
business in Texas when it
has a deficit in its accumu-
lated earnings and profits
is prohibited by Article 1083a,
Penal Code.

     We have received your letter of December 20, 1945,
in which you request an opinion of this department on the
following question:

     "Can a Delaware Corporation legally doing
business in Texas declare and pay a dividend at
a time when it has a deficit in its accumulated
earnings and profits, except a dividend paid from
the lawful liquidation of the business?"

     Before we can answer your question, we must make
several assumptions which should ordinarily exist in the event
a foreign corporation does business in Texas, i. e., that the
Delaware Corporation has its principal place of business, the
majority of its property and its directors and officers, in
the State of Delaware with a legal permit and agency in Texas;
and further, that dividends are declared by the proper corporate
directors or officers at the home office in the State of Delaware
and issued and mailed directly from that office to shareholders
in Texas. If the actual facts are otherwise, the holding herein
could be altered, therefore this opinion is confined solely to
the above assumptions.

     You have further set out the provisions of Article
1083a of the Penal Code of Texas and we shall proceed to con-
strue its general application to the limited statement of
facts in your question. The Article is quoted as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Esco Walter - Page 2

"Any dealer, agent, salesman, principal,
officer, or employee, who shall within this State,
sell, offer for sale or delivery, solicit subscrip-
tions to or orders for, dispose of, invite offers
for, or who shall deal in any other manner in any
security or securities, without being registered
as in this Act provided, or who shall within this
State, sell, offer for sale or delivery, solicit
subscriptions to and orders for, dispose of, in-
vite orders for, or who shall deal in any other
manner in any security or securities issued after
the effective date of this Act without having se-
cured a permit as herein provided, or who knowingly
makes any false statement of fact in any statement
or matter of information required by this Act to be
filed with the Secretary of State, or in any adver-
tisement, prospectus, letter, telegram, circular, or
any other document containing an offer to sell or
dispose of, or in or by verbal or written solicitation
to purchase, or in any commendatory matter concerning
any securities, with intent to aid in the disposal or
purchase of the same, or who knowingly makes any false
statement or representation concerning any registra-
tion made under the provisions of this Act, or who is
guilty of any fraud or fraudulent practice in the sale
of, offering for sale or delivery of, invitation of
offers for, or dealing in any other manner in any
security or securities, or who shall knowingly par-
ticipate in declaring, issuing or paying any cash
dividend by or for any person or company out of any
funds other than the actual earnings of such person
or company or from the lawful liquidation of the busi-
ness thereof, shall be deemed guilty of a felony and,
upon conviction thereof, shall be sentenced to pay a
fine of not more than One Thousand Dollars ($1000)
or imprisoned in the penitentiary for not more than
two (2) years, or by both such fine and imprisonment."
(Emphasis added)

The provisions of the above Article are directed against
individuals and prohibits the declaration, issuance or payment of
cash dividends out of funds other than actual earnings or lawful
business liquidation, plus the penalty for violations thereof,

Honorable Esco Walter - Page 3

which constitute a felony punishable by fine and imprisonment. Undoubtedly, this statute makes it a crime for officers, agents, etc., of domestic corporations, domiciled in this State, to do that which is expressly prohibited, but we are here concerned with the Statute's application to officers, etc., of foreign corporations.

The legislative intent in enacting this statute may be determined from the terms used therein. We believe the above underlined portion or terms of the statute are inter-related so that the illegal declaration, issuance or payment of cash dividends by any agent, officer, etc., must be accomplished by such persons "within this State" in order to come within the statute's penal effect. As we must assume that the "declaring, issuing or paying" of cash dividends by the directors, agents, etc., of this foreign corporation were executed in the State of Delaware, it obviously follows that such acts were not done "within this State," so as to make those individuals criminally liable under the Texas law. The authorities hold that a crime is essentially local and a criminal law of a state has no extraterritorial force or effect. Consequently, the nature of a criminal act will be determined by the law of place where it is committed. 15 C.J.S., Sec. 12b, Crimes.

Unquestionably, it is the law in this State that when a foreign corporation comes into Texas to transact business, it thereby submits to the laws of this State and in respect of the business transacted is bound by such laws. The rule of comity does not go to the extent of placing foreign corporations on more favorable grounds than domestic corporations in the transaction of business within the State. 11 Tex. Jur., Sec. 478; Phillips v. Perue, 229 S. W. 849; Fowler v. Bell, 37 S. W. 1058; Hildebrand, Foreign Corporation, Vol. 4, Sec. 1073.

But also existing in this State is the law and general rule which prohibits the State from regulating or interfering with the internal affairs or management of a foreign corporation legally doing business in the State or exercising authority over the corporate functions or relations between the corporation and its members arising out of and depending upon the law of its creation. Such powers belong only to the State which created the corporation and are distinguished from powers relating to the trans-

action of the business of the corporation. Royal Fraternal Union v. Lundy, 113 S. W. 185; Zarate v. Ateca, 99 S. W. (2d) 623; Graham v. New Mexico Eastern Gas Co., 141 S. W. (2d) 389; Hildebrand, Foreign Corporations, Vol. 4, Sec. 1103. The reasoning behind this general rule rests upon public policy due primarily to (1) the want of power to enforce orders, and to (2) the fact that neither the executive officers, the governing body, nor the home office records of the foreign corporation are within reach of the processes of any except the domiciliary courts where the corporation was created.

The courts of this state cannot enforce a forfeiture of the charter of a foreign corporation for violations of law nor can the local courts remove officers for misconduct. Hildebrand, Foreign Corp., Vol. 4, Sec. 1103.

In the case of Union & New Haven Trust Co. v. Watrous 146 A 727, the Supreme Court of Errors of Connecituct held that when moneys were separated from the corporate assets by the directors for the benefit of stockholders in the form of dividends, such act of separation is a strictly corporate act involving the internal management and policy of the corporation, authorized and controlled exclusively by the law of the corporate domicil. The court stated: "We cannot control the determination of a foreign dividend, nor regulate its terms, nor decree its legal effect." To the same effect See Hogue v. American Steel Foundaries, 92 A 1073.

In the case of Borg et al v. International Silver Co., 11 Fed. 2nd 147, the Circuit Court of Appeals (2d Circuit) held that where a New Jersey Corporation was doing business in New York and New Jersey law did not make it unlawful to pay dividends out of profits though the capital stock be in fact impaired, it could not be validly argued that such action was unlawful under New York law where the corporation was doing business. To a similar effect, see Hamilton v. United Laundries Corp., 161 A 347 and North State Copper Co. v. Field, 20 A 1039.

Thus, it is seen that under the decisions, the matter of declaration of dividends is one involving the internal affairs and management of a corporation which only the courts of the corporate domicil will undertake to control. Consequently, these decisions coupled with our previous findings lead us to the conclusion that Article 1083a of the Penal Code of Texas

Honorable Esco Walter - Page 5


is not applicable to nor enforceable against officers, agents, etc., of a foreign corporation legally doing business in Texas, in the absence of extenuating circumstances placing such officers, etc., within the jurisdiction of Texas Courts.

As we find Article 1083a of the Texas Penal Code inapplicable here, we feel that your question is adequately answered and in the affirmative as far as the laws of this State are concerned therewith, but conditioned, of course, upon the character of the Delaware Laws as the laws and statutes of that State must determine the legality or illegality of such a transaction. Further, we feel that it is here unnecessary to discuss and we do not enter into an examination of the possibility of forfeiting the foreign corporation's permit to do business in this State when said corporation violates a Texas law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Jack K. Ayer
Assistant

JKA:zd

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN